UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HECTOR MORALES,

    Plaintiff,

v().                                                 **JURY TRIAL DEMANDED**

RUNWAY 84, INC., a Florida profit
corporation, and ANTHONY BRUNO, JR.,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, HECTOR MORALES, ("MORALES"), by and through his undersigned attorney, file this, his Complaint for Damages against Defendants, RUNWAY 84, INC., a Florida profit corporation, and ANTHONY BRUNO, JR., (hereinafter "BRUNO"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 26 U.S.C. §7434.

3. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. During the time period set forth herein Defendant, RUNWAY 84 operated as a restaurant.

5. During the time period set forth herein, Defendant, BRUNO operated the RUNWAY 84 restaurant.

6. At all times material hereto, corporate Defendant, RUNWAY 84 was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

7. Plaintiff' work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, moved in interstate commerce, and were manufactured outside the State of Florida.  Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

8. During each year of Plaintiff's employment, RUNWAY 84 had an annual gross volume of sales made or business done of not less than $500,000.00.

9. During the time period set forth herein, the Defendants had no less than 10 employees handling, selling or otherwise working on goods or materials that had moved in or were produced for commerce, and were originally manufactured outside the State of Florida.  Like the Plaintiff, those workers handled food and drinks which were originally manufactured outside the State of Florida.

10. During the Plaintiff's employment, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis as part of his job duties.   The Plaintiff contacted out of state vendors/banks through telephone and/or broadband, each time he processed a credit card transaction on behalf of the Defendants' customers.

11. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

12. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

13. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

    b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

14. At all times material hereto, Plaintiff, MORALES, was a resident of North Miami, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

15. During the time period set forth herein, corporate Defendant, RUNWAY 84 was conducting business in Fort Lauderdale, Broward County, Florida, with its principal place of business in that city.

16. During the time period set forth herein, RUNWAY 84 was and continues to be an "employer" within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 Fla. Const.

17. At all times material hereto, BRUNO was and continues to be an "employer" within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

18. During the time period set forth herein, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, MORALES his lawfully earned wages in conformance with the FLSA.

19. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

21. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

22. On or about March 15, 2019, Plaintiff, MORALES was hired by the Defendants as a server at the Defendants' restaurant. His employment ended on or about March 17, 2020.

23. During Plaintiff's employment, the Defendants unlawfully availed themselves to an FLSA "tip credit" against Plaintiff's minimum wages by failing to satisfy all conditions precedent prior to taking such a credit.

24. The Plaintiff was not able to retain all his tips.

25. One or more of the Defendants retained a portion of the Plaintiff's tips.

26. Plaintiff, MORALES was paid below the full minimum wage for his work hours.

27. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

28. Defendant, BRUNO was a supervisor and manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

29. Defendant, BRUNO was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

30. Plaintiff have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

31. Plaintiff realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

33. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

34. Defendants unlawfully availed themselves to an FLSA "tip credit."

35. The Defendants failed to satisfy all conditions precedent for taking a "tip credit" against the Plaintiff' minimum wages.

36. Plaintiff was compelled to share a portion of their tips with persons ineligible to receive tips and not customarily tipped workers.

37. The Defendants acted willfully.

38. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff are entitled to liquidated damages pursuant to the FLSA.

    WHEREFORE, Plaintiff respectfully requests:

    a.    judgment in his favor for all unpaid minimum wages due or payable;

    b.    liquidated damages;

    c.    attorney's fees and costs pursuant to the FLSA;

    d.    post-judgment interest;

  e.  recoupment of all tips which were misappropriated; and,

  f.  all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

39. Plaintiff realleges Paragraphs 1 through 30 as if fully stated herein.

40. Pursuant to Article X, Section 24 of the Florida Constitution Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

41. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for all of his work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

  a.  Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

  b.  Awarding Plaintiff all back wages due and owing;

  c.  Awarding Plaintiff liquidated damages in the amount equal to his back wages;

  d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation;

  e.  Awarding post-judgment interest;

  f.  recoupment of all tips which were misappropriated; and,

  h.  Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   September 3, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: */s/. Peter J. Bober, Esq.*
     FBN:  0122955